BESSER v. MERRILAT CULVERT CORE CO.

(Circuit Court of Appeals, Eighth Circuit. June 18, 1917.)

No. 4702.

1. PATENTS ⊕328—VALIDITY—CORE FOR CONCRETE CULVERTS.
    The Besser patent, No. 952,869, for a metallic core for concrete culverts, *held* void, on the ground that the device is not practically useful.

2. PATENTS ⊕47—VALIDITY—"USEFUL" DEVICE.
    The term "useful," as used in the patent law, when applied to a machine, means that the machine will accomplish its purpose practically when applied in industry.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Useful.]

Appeal from the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Suit in equity by Charles A. Besser against the Merrilat Culvert Core Company. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 226 Fed. 783.

Ralph Orwig, of Des Moines, Iowa (W. P. Bair, of Des Moines, Iowa, on the brief), for appellant.

Harold J. Wilson, of Burlington, Iowa (W. E. Jackson, of Burlington, Iowa, on the brief), for appellee.

Before SANBORN and SMITH, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. This suit is brought to restrain infringement of patent No. 952,869, issued to the plaintiff, Charles A. Besser. The answer sets up invalidity and noninfringement. The trial court dismissed the bill, largely on the defense of noninfringement, claiming that plaintiff's patent was greatly restricted by what occurred in the patent office while the application was pending. We think both defenses have been made out, but that the decree can best be rested on the ground of invalidity.

[1, 2] The patent relates to a metallic core for concrete culverts so constructed as to expand and contract, and thus be adapted to culverts for different sizes. The core is made of curved, galvanized plates overlapping and sliding upon each other, and operated by an internal mechanism by which the core can be expanded and contracted. Claim 4 of plaintiff's patent (being one of the claims alleged to be infringed) makes resiliency of the plates an element of the patent. A study of the evidence shows that resiliency is an indispensable feature of the mechanism, if it is to be useful and workable. The cores are made of galvanized iron. That is the only material that is sufficiently strong and cheap to be commercially available. But galvanized iron is not resilient. On the other hand, it is flexible. A curved plate made of

that material, and subjected to pressure so as to remove the curvature when expanded, will not return to its original form when the pressure is removed. That is the fatal defect of plaintiff's invention. It embodies no device to secure resiliency or provide a core which, when it has once been expanded and then subjected to the pressure of the superimposed concrete, will return to its original form. This is made plain by Exhibit 46 at page 71 of the record. Only six of plaintiff's cores have been made, and when tried and expanded for the large-sized culverts, the plates have been so bent that the edges extend far out from the plates which they overlap, and the mechanism is thus rendered inoperative. In other words, plaintiff's invention is "new," but it is not "useful." The term "useful," as contained in the patent law, when applied to a machine, means that the machine will accomplish the purpose practically when applied in industry. It is to be given a practical and not a speculative meaning. It means that the machine will work and accomplish the purposes set forth in the specifications. Even if the machine can be made to accomplish the purposes specified, it is not useful, within the meaning of the patent law, if from its inherent nature it will accomplish the purpose only to such a restricted extent as to make its use in industry prohibitive. This has been the interpretation put upon the term in the patent law from the earliest decisions to the present time. Bliss v. Brooklyn, Fed. Cas. No. 1,546; Chandler v. Ladd, Fed. Cas. No. 2,593; Troy Laundry Mach. Co., Limited, v. Columbia Manufacturing Co. (D. C.) 217 Fed. 787. These views are fatal to plaintiff's machine. It would work as a core if it was started at the smaller size and expanded through the range of its expansibility. After that had been done, however, it would not work when contracted for smaller sizes. The expense of the machine made it worthless in the industry if its use was thus restricted. To be sure, it is well established in patent law that a machine need not be perfect in order to be patentable. If it will accomplish the purposes set forth in the specification practically in industry the patent is valid, although the machine may be greatly improved by the addition of some new element. If, however, it will not work practically in industry when constructed according to the claims and specifications, it is not useful, and cannot be sustained upon a showing that it can be made to work by a small improvement. That is the objection to the suggestion of plaintiff here that if a wire be applied to his machine it can be made to work some. See Bliss v. Brooklyn, Fed. Cas. No. 1546. Plaintiff had a new idea. It was valuable in industry. Unfortunately for him, however, an idea is not patentable. Only a machine is patentable, and when plaintiff undertook to embody his idea in a machine he did not give it an expression which would work in industry. His machine, therefore, was not patentable.

The defendant has met this difficulty by attaching a system of torsion springs to the plates, so as to produce and maintain the desired resiliency. This new element is fundamental to the structure, and defendant, by adding it, was the first to embody the invention in a workable and useful form.

The decision of the trial court was right and is affirmed.